UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALVIN & APRIA SMITH, ANREA WILLIAMS, JONATHAN SHEPHERD AND THOMAS RUCKER | * * * * | CIVIL ACTION:3:10-CV-00586 |
| | | JUDGE: JACKSON |
| VERSUS | * * | SECTION: |
| STATE FARM FIRE AND CASUALTY COMPANY | * * | MAG: RIEDLINGER |

*****************************************************************

### ANSWER AND DEFENSES ON BEHALF OF STATE FARM FIRE AND CASUALTY COMPANY

**NOW INTO COURT**, through undersigned counsel, comes State Farm Fire and Casualty Company, hereinafter sometimes referred to as "State Farm," who appears for the purposes of responding to the Plaintiffs' Petition and who respectfully avers as follows:

### FIRST DEFENSE

The claims stated in the Petition are based on a contract of insurance between the parties. State Farm avers that the respective policies issued to Plaintiffs, being written contracts, are the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety, including, specifically, the exclusion for water damage.

### SECOND DEFENSE

The damages sought by Plaintiffs were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm insurance policy.

1

**THIRD DEFENSE**

State Farm did not have any general or specific duties to Plaintiffs under the facts alleged in Plaintiffs' Petition. Further, assuming arguendo that State Farm had general and/or specific duties to the insureds under the facts alleged, no such duties were breached.

**FOURTH DEFENSE**

As to the losses for which Plaintiffs seek to recover in this litigation, State Farm has not been afforded satisfactory proof of loss covered by the policies at issue, as is required by jurisprudential law, statutory law, and the terms and conditions of the applicable State Farm insurance policies.

**FIFTH DEFENSE**

To the extent that Plaintiffs have already received any payments from State Farm for their losses, State Farm avers that those payments were appropriate, that Plaintiffs have already been paid everything that they are owed under the applicable insurance policies, and in the event of a further judgment in favor of Plaintiffs, State Farm claims a credit or a set off for all amounts previously paid.

**SIXTH DEFENSE**

To the extent that State Farm has made any payments to which Plaintiffs are not entitled, State Farm reserves and asserts its rights to recover those amounts by reconventional demand or counter-claim.

**SEVENTH DEFENSE**

State Farm avers that any item of damage claimed by Plaintiffs against the insurance policies at issue which resulted from flood damage, regardless of whether such damage is allegedly related to storm surge or to any breach, break, or collapse of any levee, floodwall or

flood protection structure, or allegedly related to the alleged negligence, gross negligence, or inaction of any government official or agency at any level, is barred by the water damage exclusion of the policies.

### EIGHTH DEFENSE

State Farm avers that the insurance policies at issue exclude all losses listed under Section I – Losses Not Insured, and pleads those exclusions herein as an affirmative defense.

### NINTH DEFENSE

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives. If Plaintiffs suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of third parties for which State Farm is not responsible.

### TENTH DEFENSE

State Farm avers that if any of Plaintiffs' damage is a result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

### ELEVENTH DEFENSE

Plaintiffs' recovery pursuant to the policies at issue, if any, is limited to any previously uncompensated losses covered by such policies. Plaintiffs may not recover for losses previously compensated under any policy providing flood insurance, and State Farm reserves its right to seek an offset for such payments.

### TWELFTH DEFENSE

To the extent that Plaintiffs were insured under flood insurance policies and received payment pursuant to such policies for Hurricane Gustav losses, Plaintiffs are estopped from

asserting or claiming that any losses previously compensated under the flood insurance policies were caused by wind.

### THIRTEENTH DEFENSE

State Farm adjusted Plaintiffs' claims in good faith, in accordance with the terms and conditions of the applicable State Farm insurance policies, and in compliance with applicable statutory or jurisprudential law.

### FOURTEENTH DEFENSE

Plaintiffs have no statutory or jurisprudential right of action to recover attorneys' fees.

### FIFTEENTH DEFENSE

To the extent that Plaintiffs allege that State Farm or their insurance agents made misrepresentations that misled them about coverage for "hurricane" damage or the scope of the policies' conditions and exclusions, Plaintiffs were in possession of clear policy language indicating such damage was excluded. Insureds are responsible for reading their policies and are presumed to know their terms, such that Plaintiffs could not justifiably rely on any alleged misrepresentations of State Farm or their insurance agents about the type of coverage they had when they were in possession of the policies which made clear indications to the contrary.

### SIXTEENTH DEFENSE

To the extent that Plaintiffs allege that State Farm or their insurance agents made misrepresentations, Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm and/or its Agent and, as a matter of law, Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentations. Plaintiffs are presumed to know the terms and conditions of their insurance policies, and if applicable, the Standard Flood Insurance Policy.

**SEVENTEENTH DEFENSE**

Although State Farm denies that it in any manner breached its contractual or statutory duties to Plaintiffs, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

**EIGHTEENTH DEFENSE**

Should it be shown that Plaintiffs have made any material misrepresentations in connection with their claims for recovery of damages under the State Farm policies, State Farm pleads such representations are in violation of the terms and conditions of said policies thereby voiding coverage and any obligations there under, pursuant to the terms and conditions of said policies which are pled as if copied in their entirety.

**NINETEENTH DEFENSE**

To the extent that Plaintiffs may be claiming a right to penalties and attorney's fees under updated LSA-R.S. 22:1892 (formerly LSA-R.S. 22:658) citation, State Farm contends that any amendments to the statute do not have retroactive effect.

**TWENTIETH DEFENSE**

To the extent that Plaintiffs may be claiming a right to penalties and attorney's fees under LSA-R.S. 22:1892 (formerly LSA-R.S. 22:658), State Farm avers that to give retroactive effect to any amendment to the statute, or to apply them to alleged violations that occurred prior to the effective date of the amendments, would violate the due process provisions and prohibition against ex post facto laws found in the Constitutions of the United States and the State of Louisiana.

**TWENTY-FIRST DEFENSE**

Should it be found that the damages sought by Plaintiffs were caused in part by a covered peril and that any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm insurance policy.

**TWENTY-SECOND DEFENSE**

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policies at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek a retroactive rate revision of the applicable State Farm insurance policies or to impose on State Farm a rate structure that has not been filed or approved by the Louisiana Insurance Rating Commission ("LIRC"), in violation of the filed rate doctrine and Louisiana law.

**TWENTY-THIRD DEFENSE**

Some or all of Plaintiffs' claims constitute an improper attempt to achieve de novo judicial review or otherwise to collaterally attack the prior decisions of the Louisiana Department of Insurance ("LDI") and LIRC contrary to procedures established by settled Louisiana law. Therefore, Plaintiffs' claims are barred by separation of powers.

**TWENTY-FOURTH DEFENSE**

Some or all of Plaintiffs' claims interfere with the exclusive or primary jurisdiction of the LDI and LIRC, including their jurisdiction over forms, rates, and penalties.

**TWENTY-FIFTH DEFENSE**

State Farm has detrimentally relied upon prior approval of its rates and policy forms by the LDI and LIRC and upon acceptance by its policyholders of policies offered in accordance with the approved rates and forms.

**TWENTY-SIXTH DEFENSE**

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policies at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to impair the obligations of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

**TWENTY-SEVENTH DEFENSE**

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policies at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

**TWENTY-EIGHTH DEFENSE**

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policies at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for

excluded losses or otherwise, Plaintiffs improperly seek to interfere with interstate commerce in contravention of the Commerce Clause of the Constitution of the United States.

### TWENTY-NINTH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policies at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to effect a deprivation of liberty and property in contravention of State Farm's due process rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

### THIRTIETH DEFENSE

To the extent Plaintiffs seek to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiffs improperly seek to deprive State Farm of equal protection in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

### THIRTY-FIRST DEFENSE

Some or all of Plaintiffs' claims are preempted by the National Flood Insurance Act, 42 U.S.C. §§ 4001, et seq., and the Supremacy Clause of the Constitution of the United States.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims for penalties are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States

Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Louisiana. Any law, statute, or other authority purporting to permit the recovery of penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it fails to satisfy United States Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

**AND NOW**, in answer to the specific allegations of Plaintiffs' Petition, State Farm asserts and avers as follows:

1.

The allegations contained in paragraph 1 of Plaintiffs' Petition are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in paragraph 2 of Plaintiffs' Petition are admitted as to the status of State Farm Fire and Casualty Company as a foreign insurer licensed to do and doing business in the State of Louisiana, and who is amenable to service through the Louisiana Secretary of State.

3.

The allegations contained in paragraph 3 of Plaintiffs' Petition are admitted as to the status of State Farm Fire and Casualty Company as a foreign insurer licensed to do and doing business in the State of Louisiana.

4A.

State Farm Fire and Casualty Company admits that it issued a homeowners policy to Alvin and Apria Smith insuring the premises located at 4773 Dickens Drive, Baton Rouge, LA 70812. The subject policy no. 18-BB-T950-3 contains various terms, conditions, exclusions, limitations, and other provisions all of which together constitute a written contract and all pled herein, as if copied *in extenso*, as the best evidence of its contents.

4B.

State Farm Fire and Casualty Company admits that it issued a homeowners policy to Anrea Williams insuring the premises located at 5506 Trenton Avenue, Baton Rouge, LA 70808. The subject policy no. 18-BA-M238-2 contains various terms, conditions, exclusions, limitations, and other provisions all of which together constitute a written contract and all pled herein, as if copied *in extenso*, as the best evidence of its contents.

4C.

State Farm Fire and Casualty Company admits that it issued a homeowners policy to Jonathan Shepherd insuring the premises located at 3832 Spedale Street, Baton Rouge, LA 70805. The subject policy no. 18-CT-2849-1 contains various terms, conditions, exclusions, limitations, and other provisions all of which together constitute a written contract and all pled herein, as if copied *in extenso*, as the best evidence of its contents.

4D.

State Farm Fire and Casualty Company admits that it issued a homeowners policy to Thomas Rucker insuring the premises located at 7714 Lansing Drive, Baton Rouge, LA 70812. The subject policy no. 18-CQ-2762-7 contains various terms, conditions, exclusions, limitations,

and other provisions all of which together constitute a written contract and all pled herein, as if copied *in extenso*, as the best evidence of its contents.

5.

State Farm Fire and Casualty Company admits that Hurricane Gustav passed within relatively close proximity to East Baton Rouge Parish on or about September 1, 2008. Except as otherwise expressly admitted, the allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in paragraph 6 of Plaintiffs' Petition are admitted insofar as plaintiffs submitted claims under their policies. State Farm denies that plaintiffs have satisfied all policy terms and conditions prerequisite to additional payment under their policies.

7.

The allegations contained in paragraph 7 of Plaintiffs' Petition are denied to the extent that plaintiffs allege rights to additional payments under their policies.

8.

The allegations contained in paragraph 8 of Plaintiffs' Petition are denied.

9.

The allegations contained in paragraph 9 of Plaintiffs' Petition are denied.

10.

The allegations contained in Paragraph 10 of Plaintiffs' Petition are denied.

11.

The allegations contained in Paragraph 11 of Plaintiffs' Petition are denied.

12.

The allegations contained in Paragraph 12 of Plaintiffs' Petition are denied.

13.

The allegations contained in Paragraph 13 of Plaintiffs' Petition are denied.

14.

The allegations contained in Paragraph 14 of Plaintiffs' Petition are denied.

15.

State Farm denies any breach of duty imposed by statute under LSA-R.S. 22:1892 (formerly LSA-R.S. 22:658).

16.

State Farm denies any breach of duty imposed by statute under LSA-R.S. 22:1892 (formerly LSA-R.S. 22:658).

17.

State Farm denies any breach of duty imposed by statute under LSA-R.S. 22:1892 (formerly LSA-R.S. 22:658).

18.

State Farm denies any breach of duty imposed by statute under LSA-R.S. 22:1892 (formerly LSA-R.S. 22:658).

19.

State Farm denies any breach of duty imposed by statute under LSA-R.S. 22:1892 (formerly LSA-R.S. 22:658). State Farm further denies that any amendments to substantive statutes are effective retroactively.

20.

The allegations contained in Paragraph 20 of Plaintiffs' Petition are denied.

21.

The allegations contained in Paragraph 21 of Plaintiffs' Petition are denied.

22.

The allegations contained in Paragraph 22 of Plaintiffs' Petition are denied.

23.

The allegations contained in Paragraph 23 of Plaintiffs' Petition do not require a response on behalf of defendant.

24.

The allegations contained in Paragraph 23 of Plaintiffs' Petition do not require a response on behalf of defendant.

25.

The allegations contained in Paragraph 25 of Plaintiffs' Petition are denied.

26.

The allegations contained in Paragraph 26 of Plaintiffs' Petition do not require a response on behalf of defendant, however, it is facially apparent from Plaintiffs' Petition that the amount in controversy exceeds $75,000.

**JURY TRIAL REQUEST**

State Farm, pursuant to Fed. R. Civ. Proc. 38, requests a trial by jury as to all parties and issues herein that are triable to a jury.

## RESERVATION OF RIGHTS

To the extent permitted by law, State Farm reserves its rights to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

**WHEREFORE**, State Farm prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of State Farm and against Plaintiffs, dismissing Plaintiffs' claims with prejudice and at his costs, and for all general and equitable relief.

Respectfully submitted,

S /JAMES ERIC JOHNSON
**CHARLES L. CHASSAIGNAC, IV (#20746)**
**JAMES ERIC JOHNSON (#23800)**
**BRYAN J. HAYDEL, JR. (#27500)**
**ELEANOR WALL (#29695)**
PORTEOUS, HAINKEL, AND JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana 70801-1309
Telephone: (225) 383-8900
Facsimile: (225) 383-7900
E-Mail: ejohnson@phjlaw.com
*Counsel for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

S /JAMES ERIC JOHNSON
**JAMES ERIC JOHNSON (#23800)**