UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALVIN & APRIA SMITH, ANREA WILLIAMS, JONATHAN SHEPHERD AND THOMAS RUCKER | * * * * | CIVIL ACTION: 3:10-CV-00586 |
| VERSUS | * * * | JUDGE: JACKSON |
| STATE FARM FIRE AND CASUALTY COMPANY | * * | MAG: RIEDLINGER |

*******************************************************************

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
RULE 21 MOTION TO SEVER AND PROCEED SEPARATELY**

**MAY IT PLEASE THE COURT:**

In support of its Motion to Sever, Defendant, State Farm Fire & Casualty Company (hereinafter referred to as "State Farm"), respectfully avers as follows:

**I.   INTRODUCTION**

**A).   PRELIMINARY STATEMENT**

In the above captioned matter, four plaintiffs join their Hurricane Gustav property claims, each of which involves entirely different properties, factual and legal issues, including though not limited to the individual property's respective condition and location before the storm, the value of the properties, the terms of the insurance policies, and the extent of damage sustained as a result of the storm.

In property insurance cases substantively comparable1 to this one, courts in the Eastern District of Louisiana have repeatedly held that such disparate coverage claims cannot be joined together in a unitary action merely because the alleged property damage was sustained during a

1

single storm. *See Campo v. State Farm Fire & Cas. Co.*, No. 06-2611, 2007 WL 2155792 (E.D. La. July 26, 2007) (Fallon, J.); *Cresson v. State Farm Fire & Cas. Co.*, No. 06-8788, 2007 WL 1191817 (E.D. La. Apr. 19, 2007) (Vance, J.); *Rohr v. Metropolitan Ins. & Cas. Co.*, No. 06-10511, 2007 WL 163037, at *3 (E.D. La. Jan. 17, 2007) (Feldman, J.); *Accardo v. Lafayette Ins. Co.*, No. 06-8568, 2007 WL 325368 (E.D. La. Jan. 30, 2007) (Vance, J.). These courts have all concluded that such claims are misjoined under Fed. R. Civ. P. 20 and must be severed.

Moreover, even if Fed. R. Civ. P. 20 did not preclude joinder here (which it does), severance would still be required. Compelling Defendants to litigate these disparate disputes together – side by side, in a single lawsuit – would impermissibly conflate and confuse the unique issues in those disparate cases, and would unfairly and severely prejudice State Farm. *See Rohr*, 2007 WL 163037, at *3 (holding that severance was warranted under Rule 21 because a consolidated trial will result in undue prejudice to insurer).

Accordingly, in light of the overwhelming case law and common sense, Plaintiffs' various insurance disputes cannot be joined together in this single lawsuit, but should be severed and tried separately.

## B). FACTS AND PROCEDURAL HISTORY

On August 5, 2010, Plaintiffs, Alvin and Apria Smith, Anrea Williams. Jonathan Shepherd and Thomas Rucker, filed the above captioned action in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[1] Plaintiffs allege they were the beneficiaries of separate and distinct policies of State Farm property insurance. Plaintiffs further allege their properties sustained damage in Hurricane Gustav, and that State Farm failed to pay them the amounts owed under their policies.

As will be demonstrated below, federal district courts in both Louisiana and Mississippi presiding over Hurricane Katrina related insurance claims have repeatedly held that the mere fact

---

[1] On September 3, 2010, State Farm removed the matter to the docket of this Court.

that two (or more) geographically close properties were damaged by Hurricane Katrina, and that an insurance dispute subsequently arose between the property owners and their insurance carriers does not present a community of interests sufficient to satisfy Federal Rule of Civil Procedure 20 (or related state procedural rules). The instant matter is no different and is indeed, directly on-point with the referenced rulings. Defendant's motion should be granted and plaintiffs' claims should be severed.

## II. LAW AND ARGUMENT

### A). FEDERAL RULE OF CIVIL PROCEDURE 20 IS PROCEDURAL AND NOT SUBSTANTIVE LAW; CONSEQUENTLY, RULE 20 APPLIES TO THE INSTANT MOTION AS OPPOSED TO LOUISIANA'S PROCEDURAL COUNTERPART, LA. C.C.P. ART. 463.

Under the choice of law doctrine recognized in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court presiding over a matter pursuant to diversity jurisdiction must apply the substantive law of the forum-state from which the matter was removed. *Salve Regina College v. Russell*, 499 U.S. 225, 226 (1991). The Erie doctrine does not, however, extend to procedural law; as such, as a general principal, district courts exercising diversity jurisdiction apply federal and not the forum state's procedural law. *Tennimon v. Bell Helicopter Textron, Inc.*, 823 F.2d 68 (5th Cir. 1987). Federal Rule of Civil Procedure 20, which provides for the permissive joinder of parties, constitutes procedural and not substantive law. *Gates v. L. G. DeWitt, Inc.*, 528 F.2d 405, 413 (5th Cir. 1976). Consequently, in the instant matter, while FRCP 20 and Louisiana's state law counterpart (La. C.C.P. art. 463) are in essence identical,[2] FRCP 20 controls.[3]

---

[2] *See* footnote "3," *infra*.

[3] Note, federal district courts within the Eastern District of Louisiana have repeatedly held that FRCP 20 and its Louisiana counterpart, La. C.C.P. art. 463, are essentially the same, and that the application of one as opposed to the other would not lead to different outcomes. *See Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, No. 06-3809, 2006 WL 2524165, at *1 n.2 (E.D. La. Aug. 30, 2006); *Accardo v. Lafayette Ins. Co.*, 2007 WL 325368 (E.D.La. 1/30/07). Thus, in the instant matter, whether the Court focuses its analysis on FRCP 20 or La. C.C.P. art. 463 is largely of no moment and would not change the conclusion that plaintiffs' joinder (or "cumulation" under Article 463) is improper.

### B). PLAINTIFFS CANNOT SATISFY THE "SAME TRANSACTION OR OCCURRENCE" ELEMENT OF FEDERAL RULE OF CIVIL PROCEDURE 20; AS SUCH, THEIR JOINDER IS IMPROPER.

1). <u>Permissive Joinder Under Federal Rule of Civil Procedure 20</u>

Rule 20 of the Federal Rules of Civil Procedure provides for the permissive joinder of parties, and in pertinent part, states as follows:

> Permissive joinder. All persons may join in one action as plaintiffs, if they **[1]** assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and **[2]** if any question of law or fact common to all these persons will arise in the action….

Thus, permissive joinder of plaintiffs under Rule 20(a) requires two elements: (1) a right to relief arising from the "same transaction, occurrence, or series of transactions or occurrences," and (2) a question of law or fact common to all plaintiffs. *See, e.g., Demboski,* 157 F.R.D. at 29; *Weber v. Lockheed Martin Corp.,* No. 00-2876, 2001 WL 274518, at *1 (E.D. La. Mar. 20, 2001). Rule 20's two elements are conjunctive; as such, failure to satisfy either forecloses the right to joinder under Rule 20. *See Rohr v. Metropolitan Ins. & Cas. Co.* 2007 WL 163037, *2 (E.D.La. January 17, 2007). Parties to a lawsuit are misjoined and may be severed (under Rule 21) if either of the two prerequisites is not satisfied. *See Simoneaux v. Jolen Operating Co.,* Civ. A. No. 04-2467, 2004 WL 2988506 (E.D. La. Dec. 15, 2004).

2). <u>Plaintiffs' Multiple Individual Claims Are Too Distinct To Satisfy Rule 20's "Same Transaction Or Occurrence" Element</u>

Plaintiffs claims fails to satisfy Rule 20(a)'s first requirement for permissive joinder, insofar as plaintiffs' right to relief (if any) does not arise from "the same transaction or occurrence" as the term has been jurisprudentially defined. Plaintiffs' claims involve nuanced fact-sets that are particular and individualized to each property. The claims joined herein each involve different plaintiffs, different adjusters, different properties, different causation, different witnesses, different injuries, different damages, different contracts (i.e., different transactions),

4

and will require different defensive postures. Rule 20(a)'s requirement that plaintiffs' rights to relief arise from the same transaction, occurrence or series of transactions or occurrences cannot possibly be satisfied under such circumstances.

The conclusion, as a general proposition, that no two storm damage property insurance claims, sufficiently arise "out of the same transaction or occurrence" to support their joinder under Rule 20 has been repeatedly recognized by courts in the Eastern District of Louisiana and its sister districts in Mississippi. In *Rohr v. Metropolitan Ins. & Cas. Co.* 2007 WL 163037 (E.D.La. January 17, 2007)(Feldman, J.), plaintiffs were St. Bernard Parish property owners who homes were allegedly damaged in Hurricane Katrina. Plaintiffs, who were all insured with Metropolitan Insurance & Casualty Company ("Metropolitan"), each alleged Metropolitan owed them further indemnification. Metropolitan filed a motion to sever and proceed separately. The district court granted Metropolitan's motion, and in support of its holding, noted as follows:

> Metropolitan claims that the plaintiffs fail to satisfy the two permissive-joinder requirements of Rule 20(a). First, Metropolitan implies that there are no questions of fact common to all the plaintiffs because each plaintiff owns real property in a different part of St. Bernard Parish, and these properties varied in condition before Hurricane Katrina and sustained different amounts and types of damage after the hurricane. In addition, the insurance policies are not identical, nor did the plaintiffs share the same adjustor. Second, Metropolitan claims that because each of the insurance policies was executed separately and because each plaintiff's property suffered unique damage, there is no common transaction or occurrence. The plaintiffs, on the other hand, assert that the effects of Hurricane Katrina form the basis of a common occurrence.
> . . .
> This Court is persuaded by the reasoning of Comer and Bradley and concludes that the plaintiffs have failed to satisfy Rule 20(a)'s common transaction or occurrence requirement for permissive joinder. <u>While each plaintiff's claims stem in some way from Hurricane Katrina, the hurricane can be considered no more than a common question of fact. It alone cannot serve as a common transaction or occurrence because the effects of the hurricane were unevenly felt, leaving each property owner in a unique situation based on the prior condition of the property owner's home, the previously negotiated insurance policy, and the immediate effects of the hurricane in that particular geographic area.</u>

5

*Id.*, at *3 (emphasis added)(citing to *Comer v. Nationwide Mutual Insurance Co.*, 2006 WL 1066645, at *1 (S.D.Miss. Feb. 23, 2006)(Senter, J.) and *Bradley v. Nationwide Mut. Ins. Co.*, 2006 WL 2594548, at *1 (S.D.Miss. Sept. 6, 2006)(Walker, MJ.)

The *Rohr* ruling directly quoted and drew support from the decision in a factually similar case, *Comer*, wherein the district court refused to grant Hurricane Katrina plaintiffs class-action status. In so ruling, the court reasoned as follows:

> Each property owner in Mississippi who had real and personal property damaged in Hurricane Katrina is uniquely situated. <u>No two property owners will have experienced the same losses</u>. The nature and extent of the property damage the owners sustain from the common cause, Hurricane Katrina, will vary greatly in its particulars....

*Id.*, at *3 (citing to *Comer v. Nationwide,* at *2).

*Rohr v. Metropolitan* and *Comer v. Nationwide* are but two decisions in a now well developed line of jurisprudence, which uniformly holds that Hurricane Katrina insurance claims are too distinct to be the subject of joinder under FRCP 20 (or its state law counterpart(s)). *See, i.e., Accardo v. Lafayette Ins. Co.*, 2007 WL 325368 (E.D.La. 1/30/07)(Vance, J.)(holding it non-sensical to cumulate 18 Katrina insurance plaintiffs in one suit insofar as their factual overlap was too tenuous, and ruling that such joinder constituted "egregious misjoinder"); *Sucherman v. Metropolitan Property and Cas. Inc. Co.*, 2007 WL 1484067, *1 (E.D.La. May 21, 2007)(Vance, J.)(same holding); *Cresson v. State Farm Fire and Cas. Co.*, 2007 WL 1191817, *2 (E.D.La. Apr 19, 2007)(Vance, J.)(same holding); *Bradley v. Nationwide Mut. Ins. Co.*, 2006 WL 2594548, at *1 (S.D.Miss. Sept. 6, 2006) (same holding); *McFarland v. State Farm Fire & Cas. Co.*, 2006 WL 2577852, at *1 (S.D.Miss. Sept. 6, 2006) (same holding); *Vaz v. Allstate Prop. & Cas. Co.*, 2006 WL 2583733, at *1 (S.D.Miss. Sept. 6, 2006) (same holding).

The joinder at issue in the instant matter is directly on-point with the cases cited above, which uniformly stand for the proposition that facts such as those presented herein do not support joinder under Rule 20 and should be severed.

**C). EVEN IF PERMISSIVE JOINDER WERE APPROPRIATE UNDER RULE 20, SEVERANCE UNDER RULE 21 WOULD STILL BE MANDATED AS A SINGLE TRIAL OF PLAINTIFFS' MULTIPLE INDIVIDUAL CLAIMS WOULD BE UNWIELDY AND WOULD PREJUDICE STATE FARM'S RIGHT TO A FAIR TRIAL.**

1). <u>Severance Under Federal Rule of Civil Procedure 21</u>

Rule 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." The Court has "broad discretion" to sever claims under Rule 21. *See Brunet v. United Gas Pipeline Co.,* 15 F. 3d 500, 505 (5th Cir. 1994). Severance under Rule 21 creates "separate actions or suits where previously there was but one." *Allied Elevator, Inc. v. East Texas State Bank,* 965 F. 2d 34, 36 (5th Cir. 1992) (citation omitted). Severance under Rule 21 is appropriate even where the requirements of Rule 20(a) for permissive joinder are satisfied. *See e.g., United States v. O'Neil,* 709 F. 2d 361, 369 (5th Cir. 1983) (rejecting argument that "Rule 21 may be used only to cure misjoinder of parties," holding that the rule "is not so limited").

To determine whether claims should be severed, a court may consider the following factors: (1) whether the claims arose out of the same transaction or occurrence, (2) whether the claims present common questions of law or fact, (3) whether settlement or judicial economy would be promoted, (4) whether prejudice would be averted by severance, and (5) whether different witnesses and documentary proof are required for separate claims. *See Vaz v. Allstate Prop. & Cas. Co.,* 2006 WL 2583733, at *1 (S.D.Miss. Sept. 6, 2006) (citing *Morris v. Northrop Grumman Corp.,* 37 F.Supp.2d 556, 580 (S.D.N.Y.1999)). A court may also consider whether jury confusion would result from the volume of evidence if the plaintiffs were joined. *See Pittman v. Purdue Pharma Co.,* 2004 U.S. Dist. LEXIS 9840, at *15 (S.D.Miss. Mar. 12, 2004).

<u>"[C]oncern for a fair and impartial trial is "paramount" in deciding whether to sever separate claims.</u> *In re Consol. Parlodel Litig.,* 182 F.R.D. 441, 444 (D.N.J. 1998)(emphasis added). Where "different injuries, different damages, different defensive postures and other individualized factors will be so dissimilar as to make the management of the case [joined] under

7

Rule 20 impractical," severance is mandated. *Pittman v. Purdue Pharma Co.,* 2004 U.S. Dist. LEXIS 9840, at *16 (S.D. Miss. Mar. 12, 2004) (citations omitted).

      2).    Severance Of Plaintiffs' Claims Is Both Appropriate And Necessary To Prevent The Inevitable Jury Confusion And Untoward Prejudice That State Farm Would Suffer Should The 20 Claims Be Litigated In One Mass-Trial

In the instant matter, even assuming plaintiffs could satisfy the requirements of Rule 20(a), which, as shown above, they cannot, Rule 21 severance would, nonetheless, be appropriate, as a balancing of the factors listed above mitigates heavily in the favor of severance.

The undue prejudice State Farm would suffer if forced to participate in a single trial of plaintiffs' claims is plainly apparent. This conclusion is supported by the district court's holding in *Rohr*, discussed, *supra*. Plaintiffs were St. Bernard property owners who filed a mass-action against a single insurance company for the recovery of insurance benefits allegedly owed due to damage caused by Hurricane Katrina. In addition to its improper joinder under Rule 20 argument, Metropolitan argued plaintiffs' claims should be severed under the precepts of FRCP 21. The district court agreed, noting as follows:

> Moreover, severance is also warranted in this instance under Rule 21 because a consolidated trial will result in undue prejudice to Metropolitan. Any practical benefits accrued through the conservation of judicial resources are likely to be outweighed by the burden imposed on Metropolitan in defending multiple claims, with different factual scenarios, in one trial. As Judge Senter noted in Comer, each owner of property damaged by Hurricane Katrina is "uniquely situated." As a result, each plaintiff will need to prove the particulars of his or her insurance policy, the condition of the property before the hurricane struck, the cause of the damage (which may vary according to the location of the property), and the extent of the damage.

*Id.*, at *3 (internal citations omitted).

In addition to the danger of untoward prejudice, the sheer volume of evidence concerning the differing claims of multiple individual plaintiffs will inevitably lead to jury confusion.[4] As

---

[4] *See, e.g., Bailey v. Northern Trust Co.,* 196 F.R.D. 513, 518 (N.D. Ill. 2000) (severing action because "[t]he jury may simply resolve the confusion [created by five different factual situations] by considering all the evidence to

one court put it, "[e]ven if tolerably permitted by [Federal Rule of Civil Procedure] 20(a)," where joinder of defendants will prejudice defendants or create significant difficulties in judicial administration, such concerns "far outweigh any financial saving and convenience to plaintiff…" *Movie Sys., Inc. v. Abel*, 99 F.R.D. 129, 130 (D. Minn. 1983).

In the instant case, "judicial economy and efficiency are in material ways self-evidently furthered by severance." *In re Merrill Lynch & Co., Inc Research Reports Securities Litig.*, 214 F.R.D. 152, 157 (S. D. N.Y. 2003). Different witnesses and documentary proof will be required for each of plaintiff's claims against his or her insurer or agent. *See, e.g., Shelton Pollet, Jr. v. Travelers Prop. Cas. Ins. Co., et. Al.*, No. 01-863, 2001 WL 1471724, at *2 (E.D. La. Nov. 16, 2001) (rejecting plaintiff's attempt to consolidate property damage claims arising out of a storm where it "would result in several thousand mini-trials on individual issues").

Simply put, a consolidated trial would flounder-in confusion. The evidence at a joint trial would pertain to different circumstances surrounding four separate properties and unrelated plaintiffs. As the court explained in *Demboski*, "[a]lthough Plaintiffs may develop some evidence … common to all claims … common sense dictates that the evidence in other instances as to each specific incident will be so dissimilar that it would be difficult to manage a consolidated trial. Certainly it would be very difficult to try all four of these separate cases together and be fair to all parties." *Demboski v. CSX Transp., Inc.*, 157 F.R.D. 28, *29 (S.D.Miss. 7/29/1994)

Although possible trial prejudice created by joinder can sometimes purportedly be negated by jury instructions, it is not realistic to expect this could be done in this action. "[E]ven the strongest jury instructions could not have dulled the impact of the veritable parade of

---

pertain to all the plaintiffs' claims, even when it is relevant to only one plaintiff's case); *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1063 (S.D. Tex. 1996) (severing action due to prejudice and the "great danger that the jury will find [defendant] liable based on the sheer number of witnesses testifying about its purported wrongdoing"); *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 790 (N.D. Ga. 1994) (severing claims because of the "tremendous damage that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus, prejudicing defendant with respect to the other plaintiffs' claims").

witnesses each recounting his contention that defendant" acted wrongfully. *Moorhouse v. Boeing Co.,* 501 F. Supp. 390, 393 n.4 (D.C. Pa. 1980), *aff'd per curiam* 639 F.2d 774 (3d Cir. 1980). A single jury cannot be expected to retain four different sets of facts and distinguish between the idiosyncrasies of each different claim. Plaintiffs by their joinder seek the impossible to the untoward prejudice of not only State Farm but also to the fair and proper administration of justice. Their suits should be severed.

### III. CONCLUSION

For the reasons set-forth above, State Farm respectfully submits its Motion to Sever should be granted.

Respectfully submitted,

S/JAMES ERIC JOHNSON
CHARLES L. CHASSAIGNAC, IV (#20746) (T.A.)
JAMES ERIC JOHNSON (#23800)
ELEANOR W. WALL (#29695)
BRYAN J. HAYDEL, JR. (#27500)
PORTEOUS, HAINKEL AND JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana 70801-1309
(225) 383-8900 Telephone; (225) 383-7900 Facsimile
*Attorneys for State Farm Fire and Casualty Company*

### CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

S/JAMES ERIC JOHNSON
JAMES ERIC JOHNSON (#23800)