UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN & APRIA SMITH, ET AL

VERSUS

STATE FARM FIRE AND
CASUALTY COMPANY

CIVIL ACTION

NO. 10-586-BAJ-SCR

**ORDER**

This matter is before the Court on a motion by defendants to sever and proceed separately (doc. 4). No objection was filed. A hearing on the motion was held on February 17, 2011, and on February 16, 2011, plaintiffs filed a response to the motion, consenting to severance of the claims into four separate suits (doc. 17). Jurisdiction is based on 28 U.S.C. § 1332.

Rule 21 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." "The trial court has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); see also *U.S. v. O'Neil*, 709 F.2d 361, 367, (5th Cir. 1983) ("Under Rule 21, the court may sever any claim against a party and proceed with it separately. The court has broad discretion in granting such a severance").

The present suit consists of four sets of claims arising out of property damage allegedly sustained during Hurricane Gustav in East Baton Rouge Parish. The

claims are asserted against defendant, State Farm Insurance Company, pursuant to four separate policies of property insurance issued to plaintiffs by defendant. The policies alleged in the complaint are: (1) Policy Number 18-BB-T950-3, issued to plaintiffs, Alvin and Apria Smith; (2) Policy Number 18-BA-M238-2, issued to plaintiff, Anrea Williams; (3) Policy Number 18-CT-2849-1, issued to plaintiff, Jonathan Shepherd; (4) Policy Number 18-CQ-2762-7, issued to plaintiff, Thomas Rucker.

During the hearing of February 17, 2011, the Court noted that severance of the claims into four separate suits will serve the interests of justice and judicial efficiency and granted the motion to sever. The Court also noted that the parties requested that the provisions of the scheduling order of December 17, 2010 (doc. 15) be applicable in all four actions.

Accordingly:

**IT IS ORDERED** that the above-captioned action be severed into four separate cases to be captioned as follows:

(1) *Alvin and Apria Smith v. State Farm Fire and Casualty Company;*

(2) *Anrea Williams v. State Farm Fire and Casualty Company;*

(3) *Jonathan Shepherd v. State Farm Fire and Casualty Company;* and

(4) *Thomas Rucker v. State Farm Fire and Casualty Company.*

**IT IS FURTHER ORDERED** that the present action be terminated upon the severance of the above claims into four separate actions.

**IT IS FURTHER ORDERED** that the four resultant actions be assigned to District Judge Brian A. Jackson and to Magistrate Judge Stephen C. Riedlinger;

IT IS FURTHER ORDERED that the record of the present action be entered into the record of the four separate actions;

IT IS FURTHER ORDERED that, within thirty days of the severance of the claims, plaintiffs shall amend the petition to eliminate all claims other than those asserted by the plaintiff or plaintiffs in that particular action.

IT IS FURTHER ORDERED that the provisions of the scheduling order of December 7, 2010, shall be applicable to the four actions pending any further order of the Magistrate Judge.

Baton Rouge, Louisiana, February 22, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA